Dear Mr. Carson,
You have requested an opinion of this office regarding the authority of the Board of Aldermen for the Town of Ferriday ("Board of Aldermen") to establish department heads and advisory committees. Initially, you asked in your opinion request whether the Board of Aldermen may pass an ordinance to set up commissioners over various town departments. Title 33 of the Louisiana Revised Statutes provides for the creation of street commissioners and sewerage commissioners. It is the opinion of this office that the Board of Aldermen has the authority to pass ordinances to establish the statutorily authorized positions of street commissioner and sewerage commissioner. However, after a recent phone conversation, we became aware that your intention was to determine the authority of the Board of Aldermen to establish department heads. Thus, this opinion will focus on the establishment of department heads and on the establishment of advisory committees.
We will first discuss the authority of the Board of Aldermen as it relates to town department heads. Generally, the person who holds the position as the leader of a town department is referred to as a "department head." La.R.S. 33:404(A)(3) provides that a mayor has the authority to appoint department heads subject to the approval of the Board of Aldermen. Thus, only the Mayor of Ferriday ("Mayor") would have the authority to appoint department heads.
You also asked whether the Mayor could be required to appoint department heads by ordinance or in the absence of an ordinance. La.R.S.33:362(C) provides as follows: "[a]ny department of a municipality, other than a police department in a municipality with an elected chief of police shall be created, abolished, merged or consolidated by the board of aldermen upon written recommendation of the mayor." In La. Atty. Gen. Op. No. 87-477, this office recognized that in a Lawrason Act community, the mayor *Page 2 
is the chief executive officer of the municipality and is given the authority to supervise and direct the administration and operation of all municipal departments except a police department with an elected chief of police. It was also opined in La. Atty. Gen. Op. No. 87-477 that an ordinance that would interfere with a mayor's right to conduct the daily operations of the municipality was improper.
Furthermore, in La. Atty. Gen. Op. No. 98-58 this office discussed the ability of a board of aldermen to organize a city into eight departments with eight department heads without the verbal or written recommendation of the mayor where there were initially five departments. This office opined in La. Atty. Gen. Op. No. 98-58 that a board of aldermen can only organize a city into various departments by ordinance upon the mayor's recommendation and that those departments cannot interfere with the mayor's administrative authority. Thus, it appears that the Mayor would not be required to appoint town department heads in the absence of an ordinance and that the Board of Aldermen can only organize a city into various departments by ordinance upon the mayor's recommendation. Hence, the Mayor could only be required to appoint department heads by ordinance if he initially made the recommendation to the Board of Aldermen regarding the organization of the city departments.
Additionally, you asked whether there are any prohibitions to members of the Board of Aldermen serving as department heads. In order to make the determination of whether a member of the Board of Aldermen may also serve as a department head, one must consider the Dual Officeholding and Dual Employment provisions which govern the simultaneous holding of certain positions within Louisiana. La.R.S. 42:63(D) states in pertinent part that "[n]o person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office." Thus, a member of the Board of Aldermen may not also serve as a department head.
Your second question to our office relates to whether the Board of Aldermen can establish committees by ordinance to act as liaisons between the Board of Aldermen and various town departments. Our office has previously opined that a mayor has the authority to establish advisory committees. For example, in La. Atty. Gen. Op. No. 05-424, this office determined that the Mayor of Youngsville had the authority to establish an advisory committee to provide guidance to the mayor, town council, and the chief of police. This office opined that a mayor is given this authority through the inherent power of his office. Under La.R.S. 33:404(A)(9), state law authorizes the mayor "to have any other power or perform any other duty as may be necessary or proper for the administration of municipal affairs not denied by law." Thus, the breadth of this language would permit the Mayor to establish advisory committees. *Page 3 
Furthermore, it is the opinion of this office that the Board of Aldermen may also establish advisory committees so long as these committees do not conflict with any applicable provisions of Title 33 of the Louisiana Revised Statutes. It is the opinion of this office that the Board may establish advisory committees based on the language set forth in La.R.S. 42:4.2(A)(1) which defines a public body as the following:
 village, town, and city governing authorities; parish governing authorities; school boards and boards of levee and port commissioners; boards of publicly operated utilities; planning, zoning, and airport commissions; and any other state, parish, municipal, or special district boards, commissions, or authorities, and those of any political subdivision thereof, where such body possesses policy making, advisory, or administrative functions, including any committee or subcommittee of any of these bodies enumerated in this paragraph.
Thus, it can be determined that the Louisiana Legislature intended to allow local governing authorities the power to create advisory committees. As such, these committees would be considered to be public bodies and would be subject to the Open Meetings Laws and the Public Records laws. See La. Atty. Gen. Op. No. 05-0424. Therefore, it is the opinion of this office that only the Mayor may appoint department heads and that both the Mayor and the Board of Aldermen have the authority to set up advisory committees
We hope that this information sufficiently answers your inquiry. If we can be of further assistance, please do not hesitate to contact us.
 With Best Regards,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 By:__________________________
 Cherie A. Lato
 Assistant Attorney General
 CCF, JR:CAL